# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| NANOCHEM SOLUTIONS INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.14-cv-6777 |
| GALBRAITH LABORATORIES, INC. | ) ) | Judge Sharon Johnson Coleman |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Nanochem Solutions Inc. ("Nanochem") filed a complaint against Galbraith Laboratories, Inc. ("Galbraith") to recover payments Nanochem alleges it made to Galbraith in error and to which Galbraith is not legally entitled. Galbraith then filed a motion to dismiss the complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). For the reasons stated below, the Court grants the motion.

**Background**

Pursuant to a Technology Assignment Agreement dated June 1, 1994 ("the TAA"), Galbraith assigned a patent ("the '735 patent") to Donlar Corporation ("Donlar"). (Dkt. 1, ¶ 10). In 2004, Donlar filed for bankruptcy. (*Id.*, ¶ 12). The bankruptcy court then entered an order ("the Sale Order") approving the sale of Donlar's assets pursuant to an Asset Purchase Agreement ("the APA") between Donlar and Flexible Solutions International, Inc. ("Flexible Solutions"). (Dkt. 20-1 at 5). Under the APA, Flexible Solutions acquired the '735 patent and assumed the TAA. (*Id.* at 33-34). According to the complaint, Galbraith was informed that the rights to practice the '735 patent would be exercised by Nanochem. (Dkt. 1, ¶13). Nanochem paid royalties on the sale of products covered by the '735 patent. (*Id.*, ¶14). Some of the royalty payments made by Nanochem were not legally required and were made in error. (*Id.*, ¶ 15). Nanochem informed Galbraith that it overpaid

royalties and requested return of the overpayments, but Galbraith refused to return the payments. (*Id.,* ¶¶ 17-18). Nanochem then sued Galbraith for unjust enrichment to recover the royalty overpayments. (*Id.*) Galbraith now moves to dismiss for lack of personal jurisdiction. (Dkt. 13).

**Legal Standard**

For purposes of a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a prima facie case that jurisdiction exists. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Allegations in the complaint "are accepted as true unless proved otherwise by affidavits or exhibits." *Telemedicine Solutions LLC v. WoundRight Technologies, LLC*, 27 F. Supp. 3d 883, 892 (N.D. Ill. 2014) (Dow, J.) (citing *Purdue Research,* 338 F.3d at 782). Any conflict in the supporting materials submitted by the parties is resolved in favor of the plaintiff. *Purdue Research,* 338 F.3d at 782.

**Discussion**

Galbraith argues in its motion to dismiss that its contacts with Illinois are insufficient for this Court to exercise general or specific personal jurisdiction over Galbraith consistent with the standards of due process. (Dkt. 15). In its response, Nanochem concedes that "this Court probably does not have general personal jurisdiction over Galbraith." (Dkt. 20 at 11). Nanochem instead asserts that Galbraith's motion to dismiss constitutes an objection to the terms of the Sale Order and the APA because those documents granted this district exclusive jurisdiction over all disputes related to the TAA. (*Id.* at 1). Nanochem argues that because Galbraith appeared in the 2004 bankruptcy proceeding and failed to object to the jurisdictional terms in the Sale Order and APA at that time, it consented to this Court's jurisdiction and cannot now object to such jurisdiction without violating *res judicata* and federal bankruptcy law. (*Id.* at 6-10).

Nanochem asserts that paragraphs I and J of the Sale Order and paragraphs 8.12 and 8.13 of the APA provide for this district's exclusive jurisdiction over this case. (Dkt. 20 at 6). This Court does

not agree. Paragraph 8.13 of the APA provides that "each of the buyer and seller irrevocably agrees that all suits, actions, or other proceedings in any way, manner, or respect, arising out of or from or related to . . . [the APA] or any other agreement document, shall be subject to litigation in courts having situs within Chicago, Illinois . . ." (Dkt. 20-1 at 29). The "buyer" for purposes of the APA is Flexible Solutions and its wholly owned subsidiaries. (*Id.* at 13). The "seller" is Donlar. (*Id.*). Because Galbraith is neither a "buyer" nor a "seller" under the APA, it is not bound by paragraph 8.13. Paragraph 8.13 therefore does not establish Galbraith's consent to this Court's jurisdiction.

Paragraph I of the Sale Order and paragraph 8.12 of the APA address the *bankruptcy court's* retained jurisdiction over certain matters related to the Sale Order and the APA. As this Court is not the bankruptcy court that entered the Sale Order, paragraph I of the Sale Order and paragraph 8.12 of the APA are not relevant to this Court's jurisdiction. Paragraph J of the Sale Order states that the Sale Order and the APA "shall be binding upon all Persons and entities . . ." However, since no terms in the Sale Order or the APA establish Galbraith's consent to this Court's jurisdiction, the fact that the Sale Order and the APA's terms are binding "upon all Person and entities" is irrelevant. Galbraith's challenge to personal jurisdiction is not an attack on the Sale Order or the APA and accordingly is not barred by *res judicata* or federal bankruptcy law.

Nanochem has conceded that the allegations in the complaint do not establish a prima facie case that jurisdiction exists. (Dkt. 20 at 11). Additionally, the exhibits provided by Nanochem, namely the Sale Order and the APA, do not provide any evidence of the alleged consent by Galbraith to this Court's jurisdiction. Nanochem has thus failed to meet its burden to establish this Court's personal jurisdiction over Galbraith.

**Conclusion**

For the foregoing reasons, Defendant's motion to dismiss [13] is granted.


IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: September 18, 2015